FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 1 5 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KELLY RYAN, DAVID ALICEA, GEORGE VILLALOBOS, MICHELLE VARGAS, CHRISTOPHER HERNANDEZ, and CYNTHIA ANDUJAR,

                      Plaintiffs,

-against-

CITY OF NEW YORK, DANIEL BYRNE, JOHN FITZGIBBONS, ANTHONY COTRONEO, DENNIS MAIRA, and JOHN and JANE DOE 1 through 60, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.

------------------------------------------------------------X

**COMPLAINT**

Case No.:

CV10-5819

VITALIANO, J.

Jury Trial Demanded

POLLAK, M.J

Plaintiffs, KELLY RYAN, DAVID ALICEA, GEORGE VILLALOBOS, MICHELLE VARGAS, CHRISTOPHER HERNANDEZ, and CYNTHIA ANDUJAR, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, allege as follows:

**PRELIMINARY STATEMENT**

1. The named plaintiffs were arrested on February 10, 2008 at approximately 5:00 p.m. in Clove Lakes Park, along with approximately thirty seven other young men and women, in the vicinity of the corner of Forest Avenue and Clove Road, Staten Island, New York. The plaintiffs were gathered for the purpose of praying to remember their friend, Christopher Torres, who was tragically murdered on January 13, 2008. The plaintiffs were acting in a lawful manner when they were arrested *en masse* by members of the NYPD Gang Squad, who falsely accused them of committing the purported crimes of unlawful assembly and trespass. All of the charges were dismissed and sealed via a

decision and order issued by New York City Criminal Court Judge Matthew Sciarrino on May 5, 2008.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, and Fourteenth Amendment to the United States Constitution.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand trial by jury of all issues properly triable thereby.

## PARTIES

6. Plaintiff KELLY RYAN is a twenty five year old woman residing in Staten Island, New York.

7. Plaintiff DAVID ALICEA is a thirty four year old male residing in Staten Island, New York.

8. Plaintiff GEORGE VILLALOBOS is a twenty year old male residing in Brooklyn, New York.

9. Plaintiff MICHELLE VARGAS is a twenty five year old woman residing in Staten Island, New York.

10. Plaintiff CHRISTOPHER HERNANDEZ is a nineteen year old male residing in Staten Island, New York

11. Plaintiff CYNTHIA ANDUJAR is a thirty one year old woman residing in Staten Island, New York.

12. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

13. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

14. That at all times hereinafter mentioned, the individually named defendants, DANIEL BYRNE, JOHN FITZGIBBONS, ANTHONY COTRONEO, DENNIS MAIRA, and JOHN and JANE DOE 1 through 60, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

15. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

16. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

17. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

18. Plaintiffs are predominantly Hispanic American young men and women. On Sunday, February 10, 2008, at approximately 5:00 p.m., plaintiffs were lawfully present in Clove Lakes Park, by the corner of Forest Avenue and Clove Road, in Staten Island, New York. Plaintiffs had lawfully gathered together at said location to honor and pray for Christopher Torres, a young man who was murdered on January 13, 2008.

19. At the aforesaid time and place, the individual defendant New York City Police Officers, some of whom are believed to be members of the Staten Island Gang Squad, approached plaintiffs in a hostile and aggressive manner. Among other things, some of the defendants approached plaintiffs on foot and other defendants recklessly drove their motor vehicles at a high rate of speed down a grassy hill towards the plaintiffs. One motor vehicle skidded out of control, nearly striking a group of plaintiffs who moved out of fear of being struck. Said vehicle struck a tree beyond plaintiffs. Defendants exited their vehicles and approached plaintiffs in a hostile and aggressive manner.

20. Thereafter, the individual defendants, all of whom were on duty and acting in the course and scope of their employment for defendant City of New York, unlawfully confronted, detained, handcuffed, searched and arrested the plaintiffs, while other officers and agents of the City stood by and failed to intervene. The plaintiffs were thereafter unlawfully detained, arrested and imprisoned.

21. The plaintiffs were imprisoned until their arraignments, which were held on the afternoon/early evening of February 11, 2008, in Criminal Court in Staten Island.

22. The defendants caused a prosecution to be commenced against plaintiffs by swearing to criminal complaints filed in Richmond County Criminal Court charging the plaintiffs with Unlawful Assembly (Penal Law § 240.10) and Trespass (Penal Law § 140.05).

23. The plaintiffs were compelled to return to court to defend the aforementioned charges until on or about May 5, 2008, when Judge Matthew Sciarrino of the Richmond County Criminal Court issued a Decision and Order dismissing all the charges against the plaintiffs.

24. Among other things, Judge Sciarrino's decision quoted Justice Brandeis as follows:

> Fear of serious injury cannot alone justify suppression of free speech and assembly. Men feared witches and burnt women…. To justify suppression of free speech [and assembly] there must be reasonable ground to fear that serious evil will result if free speech [or assembly] is practiced (*Whitney v. California,* 274 U.S. 357, 376 [Brandeis, J., concurring][brackets added]).

25. Judge Sciarrino held that "the People have not alleged sufficient allegations of fact that the defendants' actions were likely to produce imminent violent and tumultuous conduct."

26. Judge Sciarrino also held that the People failed to provide sufficient allegations of fact to establish that the defendants committed Trespass.

27. As a result of the foregoing, plaintiffs sustained, *inter alia*, emotional distress, embarrassment, humiliation, and deprivation of their constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(Violation of First Amendment under 42 U.S.C. § 1983)

28. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employee were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth and Fourteenth Amendments to the Constitution of the United of America, and in violation of 42 U.S.C. § 1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as law enforcement officers, with the entire actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States. This conduct, included, without limitation, arresting citizens and charging them with unlawful assembly and trespass in retaliation for said citizens' exercise of their rights to meet, assemble and pray in a lawful manner and at a lawful time and place.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest under 42 U.S.C. § 1983)

34. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

35. Plaintiffs were arrested by the defendants in the absence of probable cause or privilege for their confinement.

36. As a result, plaintiffs, were seized, searched, handcuffed and/or otherwise deprived of their liberty.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

37. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants arrested the plaintiffs, thereby compelling their appearance and prosecution in criminal court, for the collateral objective of attempting to justify their unlawful stop and search of the plaintiffs and/or for personal or monetary gain.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

39. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants initiated, commenced and continued malicious prosecutions against the plaintiffs.

41. Defendants caused the plaintiffs to be prosecuted until the charges were

dismissed and sealed via the Order of Judge Sciarrino on or about May 5, 2008.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

42. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants had an affirmative duty to intervene on behalf of plaintiffs whose constitutional rights were being violated in their presence by other officers.

44. The defendants failed to intervene to prevent the unlawful conduct described herein.

45. As a result of the foregoing, the plaintiffs were subjected to the above-described constitutional violations.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

46. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

47. The supervisory defendants personally caused the plaintiffs' constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

48. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

50. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully stopping, searching, and seizing innocent individuals, including those who were otherwise lawfully gathered and present at Clove Lakes Park in Staten Island, New York, and in general conducting such stops in a racially or ethnically disparate and improper manner. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, of not providing fair notice to citizens that Clove Lakes Park's closing hours are "dusk" rather than the presumptive time of 1:00 a.m., and of arresting citizens for trespass in the absence of fair notice that park hours have been amended, that were the moving force behind the violation of the plaintiffs' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

51. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiffs.

52. The foregoing customs, policies, usages, practices, procedures and rules of

the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiffs as alleged herein.

53. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

54. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, the plaintiffs were unlawfully stopped, seized, arrested and prosecuted.

55. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of the plaintiffs.

56. All of the foregoing acts by defendants deprived the plaintiffs of federally protected rights, including, but not limited to, the right:

    a. To be free from infringement of their First Amendment rights;

    b. To be free from false imprisonment/arrest;

    c. To be free from malicious prosecution; and

    d. To be free the failure to intervene.

57. As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiffs respectfully ask this Court to enter judgment:

A. Awarding compensatory damages to plaintiffs in an amount that is fair, just, reasonable, and in conformity with the evidence;

B. Awarding punitive damages in an amount that is fair, just, reasonable, and in conformity with the evidence;

C. Reasonable attorney's fees and the costs of this litigation; and

D. Such other relief as this Court shall consider fair and equitable.

Dated: Brooklyn, New York
December 14, 2010

> LEVENTHAL & KLEIN, LLP
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
> BRETT H. KLEIN (BK4744)
>
> Attorneys for the Plaintiffs